## Planters' Bank *v.* James Stockman.

Where an answer to the allegations of a bill sets up matter in avoidance, it is not evidence.

In order to lay the foundation for an interlocutory decree to account, the facts in relation to the account must not only be put in issue, but there must be some evidence to show that the facts are probable and the equity proper.

The court will not make a reference upon the mere speculation that parties may adduce testimony before the master.

Testimony in chief must always be taken before a reference is made.

Where a creditor has two claims against the same debtor, one of which is well secured, and the other not secured, upon a payment being made the court will apply the same to the payment of the claim for which there is no security.

This bill was filed to foreclose a mortgage executed by Stockman and wife to the Planters' Bank to secure the payment of a promissory note made by said Stockman in favor of the bank for the sum of fifteen thousand dollars and the interest thereon. The bill states that the note was made on the fifth day of October, 1838, and was due on the tenth day of January next after the date of same; that Stockman and his wife executed a mortgage to the bank on certain property therein described to secure the payment of said note; that the note is due and that no portion of the principal or interest is paid ; that at the time said note was made and mortgage executed Stockman was indebted to the bank in the further sum of thirteen thousand one hundred and seventy-six dollars, which was excepted from said settlement for the purpose of a subsequent arrangement, and to enable Stockman to pay so much thereof as might be equal to a certain claim set up by him against the bank; that the bank had no security for the payment of the said sum of thirteen thousand one hundred and seventy-six dollars, and prayed that Stockmans' claim against the bank might be set off against this claim and not applied to the payment of the note secured by the mortgage sought to be foreclosed.

The answer of the defendants admits the making of the note

and the execution of the mortgage as charged in the bill, but denies that the same is wholly unpaid; avers that the larger part of the note and interest was paid in the following manner. The complainant engaged defendant on the 20th of September, A. D. 1837, to purchase cotton for them; that for that purpose they advanced him twelve thousand dollars; that defendant purchased a large amount of cotton for complainant, and that on the first day of March, 1838, complainant was indebted to defendant on account of cotton purchased by him for their use in the sum of nine thousand two hundred and forty-eight dollars, which remains unpaid; that said balance was agreed to be credited on defendant's note for fifteen thousand dollars. The answer denies that defendant was indebted to complainant in any other or further sum than that of his note for fifteen thousand dollars; denies that said balance due by complainant to defendant was to be applied in any other manner than to the part payment of said note, and insists that the same shall be so applied.

No further evidence was introduced. The complainant's counsel moved the court for an order of reference to a commissioner, to compute the amount of mortgage money due.

MONTGOMERY and BOYD for complainants.

QUITMAN and McMURRAN for defendants.

THE CHANCELLOR.

This case is submitted on final hearing on bill and answer upon the question whether an account should be taken between the parties, or an order of reference made to compute the mortgage money due.

The statement of payment and the account set up by way of set-off in Stockman's answer, is matter in avoidance, and therefore not evidence. In order to lay the foundation for an interlocutory decree to account, the facts in relation to the account must not only be put in issue, but there must be some evidence to show that the facts are probable and the equity proper. The court will not make a reference upon the mere speculation that parties may adduce testimony before the master. It is an established rule of

practice that testimony in chief should always be taken before the reference is made.

But it is said by counsel for the defendant that the bill and answer, when taken together, show enough to warrant a reference for an account between the parties. The bill shows that the complainant has another claim, separate from the mortgage, against the defendant, equal to that which the defendant seeks to set off against the mortgage. That is a complete answer to the defendant's claim of set off against the mortgage. It is a well settled rule that where a creditor has two claims against the same debtor, one well secured and the other not, upon a payment being made the court will apply the same to the debt for which no security was taken; and by analogy of principle the court will make the same application of a set-off.

The case will be referred to the clerk of the court to compute the amount due on the mortgage.